UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELZBIETA KONFEROWICZ,<br>         *Plaintiff*,<br><br>         v.<br><br>VERMONT MUTUAL INSURANCE CO.,<br>         *Defendant.* | No. 3:20-cv-00380 (JAM) |

**ORDER RE MOTION *IN LIMINE* AND EVIDENTIARY OBJECTIONS**

This insurance coverage dispute arises from an altercation in June 2016 outside a Polish restaurant in New Britain, Connecticut. The case started in state court. Plaintiff Elzbieta Konferowicz sued Mariusz Lempicki over injuries she sustained during the altercation, and a state court jury found Lempicki acted recklessly and negligently and awarded Konferowicz money damages.

Konferowicz now brings this federal diversity action pursuant to Conn. Gen. Stat. § 38a-321 against defendant Vermont Mutual Insurance Company. She seeks to enforce the state court judgment on the basis of an insurance policy issued by Vermont Mutual to Lempicki's parents. *See Konferowicz v. Vermont Mut. Ins. Co.*, 2021 WL 1381327 (D. Conn. 2021) (describing more about factual background of this case).

The case is ready for jury trial. Following pre-trial conferences and my opportunity to hear from counsel for both parties, this ruling addresses Konferowicz's motion *in limine* and objections to various defense exhibits.

   ***Motion in limine re testimony as to Lempicki's intent***

Konferowicz moves *in limine* to preclude fact witnesses from testifying about their perception of Lempicki's intent at the time that he struck Konferowicz (Doc. #53). Rule 701 of

1

the Federal Rules of Evidence allows a lay witness to offer opinion testimony if the opinion is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

It is difficult and perhaps impossible for one person to know what another person is thinking. Not surprisingly, the Second Circuit has ruled that a lay witness may not offer an opinion about what another person was thinking absent a showing that the witness has grounds to know what another person was thinking and also that the witness's opinion about what another person was thinking would be helpful to the jury (in the sense that the witness's opinion would be helpful to the jury beyond the witness's description of all the underlying facts for this opinion). *See Vill. of Freeport v. Barrella*, 814 F.3d 594, 611 (2d Cir. 2016) (district court erred by allowing fact witnesses to testify about their opinion as to defendant's motivation for engaging in adverse action); *Hester v. BIC Corp.*, 225 F.3d 178, 185 (2d Cir. 2000) (same).[1]

Vermont Mutual has not established any proper grounds for asking witnesses—apart from Lempicki himself—to opine about what Lempicki was thinking or intended at the time that he struck Konferowicz. The witnesses are not mind readers. They may have opinions about what Lempicki was thinking but—apart from Mr. Lempicki himself—they really do not know. The witnesses will be free to testify about what they saw and heard. The jury can then decide what it

---

[1] Vermont Mutual does not cite these decisions of the Second Circuit but relies instead on an older decision, *United States v. Rea*, 958 F.2d 1206 (2d Cir. 1992), for the proposition that "there is no theoretical prohibition against allowing lay witnesses to give their opinions as to the mental states of others." *Id.* at 1215. But that decision goes on to outline the limits on doing so, namely that "while such testimony is not totally excluded, there are two express preconditions to its admissibility: first, the opinion evidence may be allowed only if the court finds that the opinion is 'rationally based on' the witness's own perceptions; and second, it is to be allowed only if the court concludes that it will be 'helpful' to a clear understanding of the witness's testimony or the determination of a fact in issue." *Ibid.* The Second Circuit went on to rule that a district court erred when it admitted lay opinion testimony about another person's knowledge absent the necessary foundation and because the testimony "did no more than instruct the jury as to what result it should reach on the issue of knowledge." *Id.* at 1219. Vermont Mutual otherwise relies on cases outside of the Second Circuit that are not apposite or persuasive.

believes Lempicki was thinking and intended. Vermont Mutual has not shown that it is necessary or appropriate to ask the witnesses—apart from Lempicki himself—what Lempicki was thinking or that such speculation about Lempicki's state of mind would be genuinely helpful to the jury.

Accordingly, I will grant Konferowicz's motion to preclude Vermont Mutual from asking witnesses what Lempicki was thinking or intended at the time that he struck Konferowicz. This ruling, however, does not bar the witnesses from testifying about all that they saw and heard and from describing Lempicki's actions in terms—whether by adjective or analogy—that appropriately convey their perceptions of Lempicki's actions. For example, it appears from the evidence that one of the witnesses gave a statement that Lempicki looked "like a boxer" when he struck Konferowicz, and it would be appropriate for a lay witness to give such a description if helpful to the lay witness to describe what the witness saw. In the event that any of the witnesses' testimony (other than Lempicki's) strays into speculating about what Lempicki was thinking or intended, I will sustain any timely objection and caution the jury that the witness may testify about what he or she saw and heard but that—absent further foundation—the witness cannot know what Lempicki was thinking at the time.

### *Pleadings in the state court action*

Vermont Mutual seeks to introduce various of the state court pleadings including Konferowicz's complaint (Ex. #501), Lempicki's answer and counterclaim (Ex. #507), Konferowicz's answer and special defenses to the counterclaim (Ex. #508), and Konferowicz's reply to Lempicki's special defense (Exh. #510). Although Konferowicz objects solely on grounds of relevance, I conclude that all these documents are relevant to this action, because they involve statements about the same events at issue in this case.

I further conclude that Konferowicz's statements through her counsel in the state court pleadings are admissible over any hearsay objection as statements of a party opponent under Fed. R. Evid. 801(d)(2)(A). "The law is quite clear that such pleadings constitute the admissions of a party-opponent and are admissible in the case in which they were originally filed as well as in any subsequent litigation involving that party." *United States v. McKeon*, 738 F.2d 26, 31 (2d Cir. 1984).[2]

Lempicki's statements in the state court pleadings are admissible solely for their non-hearsay basis for context to understand Konferowicz's responsive pleading, and upon request by Konferowicz I will give a limiting instruction to the jury concerning Lempicki's statements in the answer and counterclaim. In addition, Konferowicz may introduce evidence that the third count of the state court complaint (intentional conduct) was later withdrawn and not adjudicated by the state court jury. Accordingly, I will overrule Konferowicz's objections to the state court pleadings.

### *Arguments of Konferowicz's counsel to the state court jury*

Vermont Mutual seeks to admit as trial court exhibits portions of the transcripts of the opening and closing arguments that Konferowicz's counsel (who also represents Konferowicz in this case) made to the state court trial jury (Exs. #522, #522-A). Although the prior arguments of a party's counsel may be admissible over hearsay objection as statements of a party opponent under Fed. R. Evid. 801(d)(2), the Second Circuit has cautioned that "the evidentiary use of prior jury argument must be circumscribed in order to avoid trenching upon other important policies."

---

[2] I cannot conclude, however, that Konferowicz's state court pleadings—which combine factual averments with legal argumentation—were sufficiently deliberate and unambiguous such that they constitute binding judicial admissions for the purposes of the present litigation. *See In re Motors Liquidation Co.*, 957 F.3d 357, 360 (2d Cir. 2020) ("To constitute a judicial admission, the statement must be one of fact—a legal conclusion does not suffice . . . any such statement must be deliberate, clear, and unambiguous before we will afford it preclusive effect."). Therefore, the pleadings themselves are admissible for evidentiary purposes only.

*McKeon*, 738 F.2d at 32. The prior argument of counsel should be admitted at a subsequent trial only if the argument "involves an assertion of fact inconsistent with similar assertions in a subsequent trial." In addition, "[s]peculations of counsel, advocacy as to the credibility of witnesses, arguments as to weaknesses in the prosecution's case or invitations to a jury to draw certain inferences should not be admitted." *Id.* at 33. "The inconsistency, moreover, should be clear and of a quality which obviates any need for the trier of fact to explore other events at the prior trial," and "[t]he court must further determine that the statements of counsel were such as to be the equivalent of testimonial statements by the defendant." *Ibid.*

Although *McKeon* was a criminal case, I think under Fed. R. Evid. 403 that the concerns it raises about the use of prior jury argument by counsel apply with at least some force in a civil context. I asked counsel for Vermont Mutual to identify the specific statements by counsel for Lempicki, and he identified multiple factual assertions.[3] I am satisfied that these statements are specific assertions of fact as required by *McKeon* and that they will likely be inconsistent with testimony to be adduced by Konferowicz at trial. In the event that the trial testimony is indeed inconsistent, I intend to overrule the objection to the admission of these specific fact statements during the course of Vermont Mutual's case at trial. In addition, if these statements are admitted at trial, I will also allow under the rule of completeness and without objection the additional statements prepared by Konferowicz's counsel as proposed Plaintiff's Exhibits 5 and 6.

***Jury instructions to state court jury***

---

[3] He identified the following four sets of fact statements as they appear in the state court trial transcripts that have previously been filed with this Court in connection with summary judgment motions: Doc. #33-16 at 17 (Tr. 15), lines 15-21; Doc. #33-16 at 20 (Tr. 18), lines 16-21; Doc. #33-17 at 92-93 (Tr. 90-91), lines 26-27 and line 1; Doc. #33-17 at 93 (Tr. 91), lines 11-16. Counsel should prepare exhibits that include solely the cover page and only those portions of the closing arguments as specifically cited in this footnote.

Vermont Mutual seeks the admission of parts of the state court trial transcripts in which the state court judge instructed the state court jury about the requisites of recklessness and self-defense (Ex. #523). I will sustain the objection to the admission of the state court's jury instructions because it would be needlessly confusing for the federal jury to consider portions of what the state jury was instructed about the law by a state court judge. Any relevance is substantially outweighed by the danger of confusion and unfair prejudice under Fed. R. Evid. 403.

Nevertheless, the fact that the state court judge's jury instructions are not proper evidence in this case does not signify that the state court jury's verdict and those findings which necessarily were determined by the state court jury are not relevant and admissible in this action. As I understand it and as I discussed with counsel during today's pre-trial hearing, Vermont Mutual seeks the benefit of the state court jury's ultimate findings that Lempicki acted negligently and recklessly. Indeed, both parties have proposed as exhibits the state court jury verdict form concluding that Lempicki was negligent and reckless. These findings of course are binding on Konferowicz for purposes of this action. Even if she may now find them inconvenient for present purposes, they are the result of a full and fair litigation of disputed issues between her and Lempicki in the state court. She cannot claim that Lempicki was *not* negligent or that he was *not* reckless.

Accordingly, rather than allowing portions of the state court's jury instructions that explain the basis for these findings, I presently intend to instruct the jury in my closing instructions on the findings that were necessary for the state court jury to conclude that Lempicki was negligent and reckless. I would also make clear that those findings are conclusive and that

6

the jury may not base its verdict in this case on any factual determinations that are inconsistent with the state court's verdict that Lempicki was negligent and reckless.

I have previously explained how the insurance policy claim at issue in this federal case involves a *subjective* standard of self-defense that materially differs from the *objective* standard of self-defense that was rejected by the jury in the state court case. *See Konferowicz*, 2021 WL 1381327, at *4-5. And I have explained how the fact that Lempicki acted recklessly does not necessarily preclude a claim of self-defense under the subjective standard that applies in this case: "because the jury may have predicated its recklessness finding on a conclusion that Lempicki was only objectively reckless (that he acted only 'with the knowledge of facts that would disclose this danger to any reasonable person'), the jury's verdict on recklessness does not foreclose the possibility that Lempicki subjectively believed he was acting in self-defense." *Id.* at *5. Consistent with this prior ruling, I presently intend to make clear in the final jury instructions that the fact that the state court jury found Lempicki to be reckless is *relevant* for the jury to consider but does not *necessarily* mean that he did not act in subjective self-defense.

Although it appears that the jury may consider the findings that necessarily support the state court's verdicts of negligence and recklessness, it does not appear that the same holds true with respect to the state court jury's implicit rejection of Lempicki's defense of self-defense. What the state court jury rejected was a claim of *objective* self-defense, not *subjective* self-defense. Moreover, as the state court's jury instructions make clear, there were multiple potential factual grounds on which the state court jury could have rejected Lempicki's claim of objective self-defense. Therefore, unlike the state court jury's findings with respect to negligence and recklessness, it is not possible to ascertain any particular finding that was necessary to the jury's rejection of the claim of self-defense. I am concerned as well about substantial jury confusion if I

7

tried to instruct the jury in this case on the applicable subjective standard of self-defense while also attempting to set forth the multiple and alternative prongs for the objective standard of self-defense that the state court jury ultimately rejected.

In any event, for present purposes, I will sustain Konferowicz's objection to the admission of the state court jury instructions. And I will further discuss with counsel the appropriate content of the final jury instructions at the charge conference and after counsel have received a copy of the Court's proposed charge.

### *Konferowicz's proposed jury instructions in the state court action*

Vermont Mutual seeks to introduce Konferowicz's proposed jury instructions in the state court action (Ex. #509). Unlike Konferowicz's other state court pleadings, these proposed jury instructions do not appear to be statements of fact but of proposed law, and I conclude that these statements are not relevant under Fed. R. Evid. 401 and that any possible relevance would be substantially outweighed by the likelihood of jury confusion under Fed. R. Evid. 403.

### *Affidavit of Lempicki and discovery response of Lempicki*

Vermont Mutual seeks to introduce an affidavit of uncertain provenance that was signed by Lempicki (Ex. #515) and a discovery response by Lempicki stating "N/A" in response to a query whether he had insurance (Ex. #516, response #7). Vermont Mutual seeks to introduce these statements for their truth and as statements of a party opponent despite the fact that Lempicki is not a "party" to this action, much less an "opposing party" as Fed. R. Evid. 801(d)(2) requires.[4]

---

[4] Rule 801(d)(2) states in full:
    (d) Statements That Are Not Hearsay. A statement that meets the following conditions is not hearsay:
    …
    (2) An Opposing Party's Statement. The statement is offered against an opposing party and:
        (A) was made by the party in an individual or representative capacity;
        (B) is one the party manifested that it adopted or believed to be true;
        (C) was made by a person whom the party authorized to make a statement on the subject;

Vermont Mutual insists that Lempicki should be deemed a party, because it is his rights that Konferowicz seeks to enforce by statutory subrogation under Conn. Gen. Stat. § 38a-321. Although this argument has considerable appeal as a policy matter, it is not supported by the text of the rule which limits itself to statements of a "party" rather than all those who have some relationship or affinity with a party. I am constrained to giving the Federal Rules of Evidence their "plain meaning," and when the terms of the rules are "unambiguous, judicial inquiry is complete," *Pavelic & LeFlore v. Marvel Ent. Grp.*, 493 U.S. 120, 123 (1989).

Indeed, the text of the rule already extends to the statements of *some* non-parties. It extends to "statements by a person whom the party authorized to make a statement on the subject." Fed. R. Evid. 801(d)(2)(C). It also extends to statements "made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Fed. R. Evid. 801(d)(2)(D). And it extends to statements "made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E).

In other words, the drafters of the rule knew how to extend it to the statements of non-parties. But the drafters did not extend the rule to include statements by non-party subrogors. *See United States Underwriters Ins. Co. v. ITG Dev. Grp., LLC*, 294 F. Supp. 3d 18, 30–31 (E.D.N.Y. 2018) (statement of non-party insured not admissible under Fed. R. Evid. 801(d)(2)(A) in subrogation action); *but see Client Sols. Architects, LLC v. United States*, 2020 WL 1169696, at *4 (S.D. Cal. 2020).

---

(D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or
(E) was made by the party's coconspirator during and in furtherance of the conspiracy.
The statement must be considered but does not by itself establish the declarant's authority under (C); the existence or scope of the relationship under (D); or the existence of the conspiracy or participation in it under (E).

Nor is this a case of a sham assignment of interests for purposes of evading the application of Rule 801(d)(2). *Cf. In re: BP p.l.c. Sec. Litig.*, 2016 WL 29300, at *6 & n.45 (S.D. Tex. 2016). For such cases of evident iniquity, a party might well resort to the protections of the residual hearsay rule under Rule 807, which Vermont Mutual has not invoked here.

Accordingly, I will sustain Konferowicz's objections to the admission of Lempicki's affidavit and discovery response for their truth. This ruling, however, does not limit Vermont Mutual's right to cross-examine Lempicki at trial on the basis of these documents and, if appropriate, for these documents to be introduced for impeachment purposes.

## CONCLUSION

For the reasons set forth above, the Court GRANTS plaintiff's motion *in limine* regarding lay witness opinions about Lempicki's intent and SUSTAINS and OVERRULES plaintiff's objections to the proposed defense exhibits as discussed in this ruling. These rulings on the exhibits are in addition to those oral rulings set forth on the record by the Court to additional exhibits at the pre-trial conference.

It is so ordered.

Dated at New Haven this 18th day of April 2022.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge